DAVID L. NEALE (State Bar No. 141225)
MONICA Y. KIM (State Bar No. 180139)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dln@lnbyg.com; myk@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**FILED & ENTERED**

**JAN 31 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

PARAMOUNT RESTYLING
AUTOMOTIVE INC.,
a California corporation,

    Debtor and Debtor-in-Possession.

Case No.: 6:23-bk-10069-WJ

CHAPTER 11 (Subchapter V)

**CONFIRMATION ORDER**

<u>Confirmation Hearing</u>:
Date:   January 9, 2024
Time:   1:30 p.m.
Crtrm.: 304

1

Case 6:23-bk-10069-WJ    Doc 247    Filed 01/31/24    Entered 01/31/24 16:10:29    Desc
Main Document    Page 2 of 3

On January 9, 2024 at 1:30 p.m., the Court held a hearing to consider confirmation of the "Fourth Amended Plan of Reorganization Dated September 22, 2023" [docket #210] ("Plan") proposed by Paramount Restyling Automotive Inc., the debtor and debtor-in-possession in this chapter 11 (subchapter V) bankruptcy case ("Debtor"). All appearances were noted on the record. The only objection to confirmation of the Plan was withdrawn. No opposition existed at the hearing.

As a miscellaneous matter, the Debtor now asserts that the general unsecured claim in favor of USPF Hold LP for $4,209.46 listed on Exhibit 3 to the Plan as disputed shall be treated as not disputed. The Debtor also intends to proceed with making payents with respect to the non-insider Class 7 claims on a quarterly basis on the effective date of the Plan instead of December of 2023.

In light of the relevant pleadings as well as the comments at the hearing, good cause appearing, the Court hereby ORDERS as follows:

1. The Plan and related documents are approved and confirmed pursuant to Sections 1129(a) and 1191(a) of the Bankruptcy Code. The provisions of the Plan and this order are binding on the Debtor, the Debtor's estate, all creditors and other persons or parties who hold or who assert claims against the Debtor. To the extent (if any) there is a conflict between the terms of the Plan and the terms of this order, the terms of this order shall control.

2. In light of the lack of any remaining objection to the Plan, this order is effective immediately upon entry and the fourteen-day stay of the effectiveness of an order confirming a plan set forth in Bankruptcy Rule 3020(e) is waived and of no effect.

3. On the effective date of the Plan, all assets of the Debtor shall vest in the reorganized debtor to the extent set forth in the Plan.

4. The Debtor is authorized to assume contracts and leases to the extent set forth in the Plan and by agreement of the parties.

5. The Debtor may take steps resonably necessary to implement and consummate the provisions of the Plan including obtaining appropriate post-petition financing.

6. This Court hereby retains jurisdiction in accordance with the terms of the Plan, the

provisions of this order and Section 1142 of the Bankruptcy Code, and to the fullest extent authorized by title 28 of the United States Code.

7. The Debtor may file an application for entry of discharge when appropriate.

8. A post-confirmation status conference shall occur on August 27, 2024 at 2:30 p.m. The Debtor shall file a status report with the Court at least two weeks earlier.

IT IS SO ORDERED.

###

Date: January 31, 2024

_____
Wayne Johnson
United States Bankruptcy Judge